WATKINS, Judge.
Appellant, Bennie St. Romain Stout, seeks review of the trial court’s judgment denying her damages for an alleged breach of contract.
On April 17, 1977, Percy and Madeline Bueche, appellees, signed a purchase agreement wherein they agreed to buy Stout’s house for the sum of $17,500.00. Stout accepted the offer the same day. The terms of the purchase agreement provided that the sale was conditioned upon “. . . buyers ability to obtain FHA Mtg. Loan in the amount of $16,550.00”. It further provided that certain work was to be done to the house at seller’s expense and that if buyers moved into the house prior to the passage of the act of sale, rental would be due in the amount of $150.00 per month. This rental was not to apply to the sale price.
Shortly after entering into this agreement, appellees moved into the house. An application for an FHA loan was made and appellees commenced paying rent.
By mutual agreement the time allowed for passing the act of sale was extended on two occasions. Appellees were approved by FHA and a date was set for closing. On the closing day, appellees went to the office of the closing attorney (who was selected by the lending agency, Collateral Investments Co., and who testified in effect that he represented vendor, vendee and lender), signed the papers including the act of sale and endorsed the check from the lending institution. The testimony as to when Stout was to sign the papers is unclear.
Mr. Bueche testified that after signing the papers and endorsing the check, he was informed that a recorded judgment in favor of Baton Rouge Cigarette Service Corp. and against him had been discovered during the title work and that the sale could not be completed until this judgment was satisfied. Although the closing attorney’s testimony was not entirely consistent in that regard, he stated at one point in his testimony that Bueche knew of the judgment prior to the date of closing and had promised to pay it off.
Neither appellees, appellant or the real estate agent satisfied the judgment. The closing attorney, therefore, refused to complete the closing of the sale.
Stout filed suit for $6,268.63 representing alleged unpaid rent for three months, closing expenses, loss of use of property for nine months, services rendered by petitioner in complying with the purchase agreement, and damages for intentional breach and attorney’s fees.
After trial, judgment was rendered in favor of Stout in the sum of $300.00 (representing unpaid rent for two months) plus interest and costs. Stout’s demands for damages for breach of contract were denied.
Appellant contends that damages are due because of appellees’ alleged active, bad faith breach of the contract.
*266 Appellant’s arguments all revolve around the issue of whether appellees breached their contract with Stout. We conclude that they did not.
It is well established that a provision in a purchase agreement “... which makes the sale conditioned upon the purchaser’s ability to obtain a stipulated loan to finance the purchase, is a contract subject to a suspen-sive condition. It imposes upon the purchaser the duty to make a good faith effort to obtain the loan.. Whether he has acted in good faith depends on the facts and circumstances in each case. If the purchaser, through no fault of his own, is unable to obtain the loan, he is released from his obligation to purchase. Woods v. Austin, 347 So .2d 897 (La.App.2d Cir. 1977).
The trial court, basing its determination on the facts of this particular case, found that the prospective vendees, the Bueches, were not, as part of their good faith obligation to obtain financing, required to discharge the prior judgment. In view of the circumstances of this particular ease, that the Bueches had no knowledge of the prior judgment and of the requirement that it be discharged, until the time of the closing, and that the Bueches apparently did not have and were not able to obtain the funds necessary to discharge the judgment, we find no manifest error in the trial court’s conclusion.
For the foregoing reasons, the judgment of the trial court is affirmed and appellant is assessed with all costs.
AFFIRMED.